IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>vs.<br><br>WHITNEY R. WASHINGTON,<br>Defendant. | **8:23-CR-108**<br><br>**MEMORANDUM AND ORDERS ON MOTIONS FOR COMPASSIONATE RELEASE AND MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER § 2255** |

This matter is before the Court on defendant Whitney R. Washington's *pro se* Motions to Reduce Sentence (Compassionate Release), Filing 228 (First Motion); Filing 238 (Second Motion). In the defendant's first Motion to Reduce Sentence, the defendant seeks compassionate release on the ground that, while serving her sentence, the defendant was a victim of "physical abuse resulting in 'serious bodily injury' that was committed by or at the direction of a correctional officer, an employee, or contractor of the [Bureau of Prisons] or any other individual having custody or control over" her. Filing 228 at 5. The defendant's second Motion for Compassionate release seeks release due to "sexual assault and physical assault, 3 different incidents." Filing 238 at 1. The matter is also before the Court on the defendant's Motion to Vacate, Set Aside, or Correct Sentence under § 2255, Filing 229. The only ground asserted in support of the § 2255 motion states: "Resentencing Under New Amendment 821." Filing 229 at 4. For the reasons below, all three of the defendant's motions are denied.

## I. BACKGROUND

After pleading guilty pursuant to an Information, the defendant was convicted of conspiracy to possess with the intent to distribute 50 grams or more of methamphetamine. Filing 163 (Information); Filing 176. The defendant and her boyfriend, a codefendant in this case, had over 500 grams of methamphetamine in their home, which law enforcement discovered during the execution of a search warrant. Filing 167 at 2. Law enforcement also seized drug paraphernalia, a handgun, and $7,000 in United States currency from the residence. Filing 167 at 2. Because the defendant met the criteria set forth in 18 U.S.C. § 3553(f)(1)–(5), the defendant's guideline custody range was 63 to 78 months. Filing 208 at 17. The defendant was sentenced to 63 months incarceration. Filing 211. Just over seven months after she was sentenced, the defendant filed the first Motion to Reduce Sentence (Compassionate Release). Filing 228. The motion is on a standard form. *See generally* Filing 228. On the fourth page, the defendant selected "Yes" in response to the question "Do you believe there are other extraordinary and compelling reasons for your release?" and she selected the following reason from a list of options:

> While serving this sentence, I was a victim of:
>
> - sexual abuse involving a "sexual act," as defined in 18 U.S.C. § 2246(2); or
> - physical abuse resulting in "serious bodily injury"
>
> that was committed by or at the direction of a correctional officer, an employee, or contractor of the BOP or any other individual having custody or control over me. *See* § 1B1.13(b)(4).

Filing 228 at 4–5. The defendant elaborates on her selected reason by stating that "[o]n August 10, 2025, I was assaulted by an officer @ FCI-Waseca." Filing 228 at 6. She has also submitted multiple

attachments further explaining her alleged grounds for compassionate release.[1] *See* Filing 228 at 17–38; Filing 230 (Supplement). The defendant explains,

> On Sunday, August 10, 2025 during the 5:30pm move, I was exiting the A Unit heading outside and Officer Hernandez aggressively brushed into my upper body. I turned around to see if she did it accidentally, but Officer Hernandez never acknowledged me or apologized for ramming her body into mine.

Filing 228 at 17. The defendant states that "she feel[s] disrespected as an African-American woman being that she never acknowledge[d] or apologized to me. This is staff miss [sic] conduct." Filing 228 at 17. The other attachments included with her motion restate this conduct and assert that the defendant has been experiencing "PTSD and night terrors due to this incident." Filing 228 at 22. In her supplement, the defendant also complains of Officer Hernandez "startl[ing] [her] out of [her] sleep by the brightness of a flashlight" during the "middle of the night on November 22, 2025." Filing 230 at 4.

The defendant filed a second, separate Motion to Reduce Sentence on September 28, 2026. Filing 238. Unlike her first motion, this second motion is not made on a standard form but is entirely handwritten. *See generally* Filing 238. This second motion states that the defendant is "requesting compassionate release due to the sexual assault and physical assault, 3 different incidents, I suffered since being incarcerated at FCI Waseca." Filing 238 at 1. The defendant states that she has "fully exhausted [her] administrative remedy process on the physical assaults by Hernandez and Lt. Valle." Filing 238 at 1. What additional incidents the defendant refers to in her handwritten motion is unclear to the Court. However, the defendant does attach a typed paragraph alleging *inter alia* that "Guard Freeman . . . stood behind us discussing what he wanted us to do sexually to him in detail"

[1] The defendant does not include any allegations of sexual abuse in the form and does not reference sexual abuse in any of the attachments to the motion.

and that "Guard Freeman slapped my ass twice." Filing 238 at 4. The defendant's attachments also restate allegations made in her first motion. *See* Filing 238 at 5.

The defendant filed the pending § 2255 motion on February 17, 2026. Filing 229 at 12. The motion states that "[t]he new Amendment 821 which became effective February 2026 would reduce my sentence and provide an accurate assessment of my complete sentence." Filing 229 at 4. This is the only ground raised in the motion. *See generally* Filing 229.

## II. COMPASSIONATE RELEASE MOTIONS

The Court will first consider the defendant's outstanding motions for compassionate release. The Court will then turn its attention to the defendant's pending § 2255 motion.

### A. Timeliness of Motions for Compassionate Release

Under 18 U.S.C. § 3582(c)(1)(A), prisoners may move to reduce their terms of imprisonment on their own after exhausting their administrative remedies. "Exhaustion occurs at the earlier of either (1) when the prisoner has 'fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion' on h[er] behalf or (2) 'the lapse of 30 days from the receipt of such a request by the warden of the [prisoner's] facility.'" *United States v. Houck*, 2 F.4th 1082, 1083–84 (8th Cir. 2021) (second alteration in original) (citing 18 U.S.C. § 3582(c)(1)(A)). Exhausting administrative remedies "is a mandatory claim-processing rule" that "must be enforced so long as the opposing party properly raises it." *Id.* Here, it appears that the defendant has exhausted her administrative remedies with the Bureau of Prisons (BOP) with respect to her first motion because more than 30 days have lapsed since the prison warden received her request. *See* Filing 228 at 3, 35 (indicating that the defendant submitted a request to the warden on September 29, 2025, and had not received a response as of October 30, 2025). The Court will therefore consider the merits of that Motion.

However, the defendant has not shown that she has exhausted her administrative remedies with respect to the second motion. In her second motion, the defendant states that she "has fully exhausted [her] administrative remedy process on the physical assaults by Hernandez and Lt. Valle." Filing 238 at 1. As noted above, the Court agrees that the defendant has done so with respect to her first motion concerning her allegations against Hernandez. However, the defendant does not show that she has requested the warden to bring a motion on her behalf with respect to any allegations against Lt. Valle. Filing 228 (not mentioning Lt. Valle); Filing 238 at 3 (sending the warden an email about Lt. Valle on January 23, 2025, but not requesting that the warden bring a compassionate release motion on her behalf and instead requesting that the defendant be "transferred to a camp"). Additionally, the defendant does not state that she requested the warden to bring a motion on her behalf with respect to her "sexual assault" allegation against Officer Freeman. Filing 238 at 1. The defendant does provide a typed paragraph relating Officer Freeman's alleged conduct, which might be an email. Filing 238 at 4. However, even if the typed paragraph was construed as a request for the warden to bring a compassionate release motion on her behalf, it does not appear that the paragraph was sent to the warden. Filing 238 at 4 (addressing the paragraph to an unidentified "Washington, Eulice"). *United States v. Zerley*, 8:16-CR-69, 2025 WL 2733639, at *1 (D. Neb. Sept. 25, 2025) ("Courts in this circuit have consistently held that a defendant "bears the burden of showing that [she] exhausted [her] administrative remedies with the BOP before filing a compassionate-release motion." (alterations added) (collecting cases)). The defendant has therefore not complied with the "mandatory claim-processing rule" requiring the exhaustion of administrative

remedies with respect to her second motion, and her second motion for compassionate release is denied.[2] *Houck*, 2 F.4th at 1083–84.

### B. Standards for Compassionate Release

Turning to the standards for compassionate release for purposes of assessing the defendant's first motion, 18 U.S.C. § 3582(c) provides in relevant part:

> [T]he court . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A). The burden to establish an entitlement to a sentence reduction is on the prisoner. *See United States v. Avalos Banderas*, 39 F.4th 1059, 1062 (8th Cir. 2022). "[T]he district court is not required to investigate possible avenues for relief or to develop the record in support of a motion." *Id.* Nor must a district court "make a specific rejoinder to every circumstance cited in support of a reduction." *United States v. Loggins*, 966 F.3d 891, 893 (8th Cir. 2020). Furthermore,

[2] Even if the second motion was considered on the merits, the Court would deny the second motion. The defendant does not allege the kind of "sexual abuse" that constitutes "extraordinary and compelling reasons" warranting release. U.S.S.G. § 1B1.13(a), (b)(4)(A) (saying "sexual abuse involving a 'sexual act,' as defined in 18 U.S.C. § 2246(2)" may constitute an extraordinary and compelling reason); *see, e.g.*, Filing 238 at 4 (alleging that an officer made inappropriate comments and "slapped [her] ass twice"). Under U.S.S.G. § 1B1.13(b)(4), compelling an extraordinary reasons only exist when the defendant is a victim of sexual abuse involving a "sexual act," as defined in 18 U.S.C. § 2246(2). 18 U.S.C. § 2246(2) (including "sexual act[s]" such as "contact between the penis and vulva" and other acts not alleged here). The defendant does not allege the sort of "sexual act" defined in 18 U.S.C. § 2246(2). Section 1B1.13 also states that "the misconduct must be established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding, unless such proceedings are unduly delayed or the defendant is in imminent danger." U.S.S.G. § 1B1.13(b)(4). The defendant has made not alleged any of the above proceedings in her submitted materials and has similarly not alleged that any proceedings have been delayed or that she is in imminent danger.

Additionally, for the same reasons the Court provides below with respect to the first motion, the § 3553(a) factors weigh against the Court granting relief under the defendant's second motion. *See also United States v. Rodd*, 966 F.3d 740, 747-48 (8th Cir. 2020) (upholding the denial of compassionate release where the district court assumed that the defendant had presented extraordinary and compelling reasons, but the § 3553(a) factors weighed against granting release); *United States v. Loggins*, 966 F.3d 891, 893 (8th Cir. 2020) ("The district court has broad discretion in determining whether proffered circumstances warrant a reduction in sentence.").

because district courts have "broad discretion" when considering whether the 18 U.S.C. § 3553(a) sentencing factors warrant early release, a district court does not abuse its discretion simply because "other district courts may have granted compassionate release for defendants with similar backgrounds." *United States v. Marcussen*, 15 F.4th 855, 859 (8th Cir. 2021).

Section 1B1.13 of the United States Sentencing Guidelines sets out circumstances that can constitute "extraordinary and compelling reasons" warranting a reduction in the defendant's sentence for purposes of 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13(b) provides six categories of circumstances to consider, which are (1) the medical circumstances of defendant; (2) the age of the defendant; (3) the family circumstances of the defendant; (4) whether the defendant was the victim of certain abuse; (5) other reasons; (6) and whether the defendant is serving an unusually long sentence. *See* U.S.S.G. 1B1.13(b)(1). The policy statement in U.S.S.G. § 1B1.13(b)(4) is helpful to the Court's analysis. Section 1B1.13(b)(4) provides that "extraordinary and compelling reasons exist" to grant compassionate release when the defendant was a "victim of abuse." That section describes the "victim of abuse" ground as follows:

> **(4) Victim of Abuse.** – The defendant, while in custody serving the term of imprisonment sought to be reduced, was a victim of:
>
> > **(A)** sexual abuse involving a "sexual act," as defined in 18 U.S.C. § 2246(2) (including the conduct described in 18 U.S.C. § 2246(2)(D) regardless of the age of the victim); or
> >
> > **(B)** physical abuse resulting in "serious bodily injury," as defined in the Commentary to § 1B1.1 (Application Instructions);
> >
> > that was committed by, or at the direction of, a correctional officer, an employee or contractor of the Bureau of Prisons, or any other individual who had custody or control over the defendant.
> >
> > For purposes of this provision, the misconduct must be established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding, unless such proceedings are unduly delayed or the defendant is in imminent danger.

U.S.S.G. § 1B1.13(b)(4). Application Note 1 to U.S.S.G. § 1B1.1 defines "serious bodily injury" as "injury involving extreme physical pain or the protracted impairment of a function of a bodily member, organ, or mental faculty; or requiring medical intervention such as surgery, hospitalization, or physical rehabilitation."

It is clear that the defendant did not experience the kind of abuse contemplated in § 1B1.13, as the defendant's attached documentation makes clear that she is complaining of "Officer Hernandez aggressively brush[ing] into [her] upper body," *see, e.g.*, Filing 228 at 17, and shining a flashlight at her "[i]n the middle of the night," *see, e.g.*, Filing 230 at 4. The circumstances outlined by the defendant in her first motion and its supplement do not constitute "extraordinary and compelling reasons" warranting a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A).

Even if the Court assumes for argument's sake that the defendant is eligible for compassionate release, her motion would nevertheless be denied because a reduced sentence would be contrary to the 18 U.S.C. § 3553(a) factors. Under § 1B1.13, the Court "*may* reduce a term of imprisonment . . . if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that . . . [e]xtraordinary and compelling reasons warrant the reduction." U.S.S.G. 1B1.13 (emphasis added); *see also Rodd*, 966 F.3d at 747–48 (upholding the denial of compassionate release where the district court assumed that the defendant had presented extraordinary and compelling reasons, but the § 3553(a) factors weighed against granting release); *Loggins*, 966 F.3d at 893 ("The district court has broad discretion in determining whether proffered circumstances warrant a reduction in sentence.").

Law enforcement uncovered a substantial amount of narcotics at the defendant's home during the execution of a search warrant. Filing 208 at 8. Specifically, "[o]fficers seized approximately 475 grams of methamphetamine in a bag, a second bag containing approximately

311 grams of methamphetamine, [and] approximately 350.6 grams of multicolored pills containing methamphetamine." Filing 208 at 8. Additionally, law enforcement discovered "a Taurus 9mm handgun, a money counter, empty heat-seal bags, and $7,000 in United States currency." Filing 208 at 8. In total, the defendant was held responsible for 560.89 grams of methamphetamine actual. *See* Filing 208 at 8. The defendant met the criteria set forth in 18 U.S.C. § 3553(f)(1)–(5), and the defendant's guideline custody range was 63 to 78 months. Filing 208 at 17. She was sentenced to 63 months. Filing 211.

The relevant factors under 18 U.S.C. § 3553(a) in this case include the "nature and circumstances of the offense," and the need for the sentence imposed to "reflect the seriousness of the offense," "promote respect for the law," "provide just punishment for the offense," "afford adequate deterrence," and "protect the public." 18 U.S.C. § 3553(a). Narcotics like methamphetamine have irreparably damaged many families and communities. They have also unquestionably impacted the country and the state of Nebraska. The severity of the defendant's offense weighs against granting compassionate release. 18 U.S.C. § 3553(a)(1). The needs to "provide just punishment for the offense," "afford adequate deterrence," and "protect the public" would similarly not be served by granting the defendant's motion. 18 U.S.C. § 3553(a)(2). The Court has considered the remaining applicable § 3553(a) factors and finds that these factors do not favor reducing the defendant's sentence either. Having evaluated the pertinent factors, the Court concludes that the defendant has failed to show that his release would not be contrary to 18 U.S.C. § 3553(a). The Motion for Compassionate Release, Filing 228, is denied.

## III. MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 USC § 2255

The Court turns its attention to the defendant's § 2255 motion. The defendant alleges one ground for relief: "Resentencing Under New Amendment 821." Filing 229 at 4. The defendant states in full in support of the ground for relief that "[t]he new Amendment 821 which became effective February 2026 would reduce my sentence and provide an accurate assessment of my complete sentence. Filing 229 at 4. The defendant did not file a supporting brief.

### A. § 2255 Standards

Washington brings her final motion pursuant to 28 U.S.C. § 2255, which permits federal prisoners to ask the sentencing court to "vacate, set aside, or correct" a sentence upon a showing that "the sentence imposed was in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). The judge receiving a § 2255 motion to vacate must first determine if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings. "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the Court must order the United States to respond and consider holding a hearing. 28 U.S.C. § 2255(b); *see also* Rule 4(b) of the Rules Governing Section 2255 Proceedings.

"Section 2255 is an outgrowth of the historic habeas corpus powers of the federal courts as applied to the special case of federal prisoners." *Jones v. Hendrix*, 599 U.S. 465, 472 (2023); *see also Odie v. United States*, 42 F.4th 940, 944 (8th Cir. 2022) ("Section 2255 was intended to afford federal prisoners a remedy identical in scope to federal habeas corpus." (internal quotation marks

and citations omitted)). Relief under 28 U.S.C. § 2255 is limited, as it "does not encompass all claimed errors in conviction and sentencing." *Meirovitz v. United States*, 688 F.3d 369, 370 (8th Cir. 2012). "A § 2255 motion can be dismissed without a hearing if '(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Tinajero-Ortiz v. United States*, 635 F.3d 1100, 1105 (8th Cir. 2011) (quoting *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003)). Put differently, "[n]o hearing is required . . . where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Franco v. United States*, 762 F.3d 761, 763 (8th Cir. 2014) (internal quotation marks and citations omitted).

**B. Legal Analysis**

The defendant's § 2255 motion can be dismissed on initial review without an evidentiary hearing. This is because the defendant's claim is inadequate on its face. *Franco*, 762 F.3d at 763. The defendant's sole ground for relief alleges that "[t]he new Amendment 821 which became effective February 2026 would reduce my sentence and provide an accurate assessment of my complete sentence." Filing 229 at 4. Under 18 U.S.C. § 3582(c)(2), the Court may reduce the term of imprisonment of a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 944(o)." "[A] defendant is eligible for a discretionary § 3582(c)(2) reduction if [her] applicable guidelines range is lowered by a retroactive amendment listed in [U.S.S.G] § 1B1.10(d)." *United States v. Koons*, 850 F.3d 973, 976 (8th Cir. 2017) (alterations added). Amendment 821—which "provides that an offender with zero criminal history points can retroactively seek a two-level reduction if he or she satisfies ten criteria"—appears in the list of covered amendments in U.S.S.G.

§ 1B1.10(d). *United States v. de la Cruz*, 135 F.4th 1127, 1128 (8th Cir. 2025) (per curiam). Amendment 821 is therefore "retroactively applicable" and can be a "basis for a motion to reduce a defendant's term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2)." *Id.* at 1128 n.2 (internal quotation marks omitted) (quoting *United States v. Morales*, 122 F.4th 590, 593 (5th Cir. 2024)).

The defendant is mistaken that Amendment 821 "became effective February 2026." Filing 229 at 4. Amendment 821 actually became effective November 1, 2023. *United States v. Guzman-Andrade*, 8:24-CR-33, 2025 WL 2998180, at *2 (D. Neb. Oct. 24, 2025); *see* U.S.S.G. § 4C1.1, Historical Note. This means that the changes implemented under Amendment 821 were factored into the defendant's guideline calculations from the outset. Those guidelines resulted in a guideline sentencing range of 63 to 78 months in part because the defendant did not qualify for the two-level zero-point offender reduction instituted by Amendment 821. Filing 212 at 1; Filing 208 at 11–13 (showing four criminal history points). Therefore, the defendant's sole ground for relief is inadequate on its face, and the § 2255 motion is therefore denied without an evidentiary hearing. *Franco*, 762 F.3d at 763.

No appeal may be taken on a § 2255 motion unless a judge issues a certificate of appealability, which requires the appellant to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1)–(2). The Court will not issue a certificate of appealability because the defendant has not alleged a constitutional ground of relief that is debatable. *Copeland v. Washington*, 232 F.3d 969, 977 (8th Cir. 2000) (saying a certificate of appealability may only issue if the petitioner makes a substantial showing of the denial of any federal constitutional right); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (saying to make "a substantial showing of the denial of a constitutional right," "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong").

## IV. CONCLUSION

For the reasons set forth above, the defendant is not entitled to compassionate release. Additionally, the defendant's § 2255 motion fails. Accordingly,

IT IS ORDERED:

1. The defendant's Motions for Compassionate Release, Filing 228; Filing 238, are denied;

2. The defendant's Motion to Vacate, Set Aside, or Correct Sentence under § 2255, Filing 229, is denied;

3. A certificate of appealability will not issue.

Dated this 29th day of October, 2026.

BY THE COURT:

Brian C. Buescher
Chief United States District Judge